### State of Vermont v. Lee A. Mousley

[141 A2d 432]

March Term, 1958.

Opinion Filed May 6, 1958.

*James E. Bigelow* for the respondent.

*John W. Brockway*, State's Attorney, for the State.

**Hulburd, J.** This case was submitted to us without argument. The situation, as disclosed by the briefs, both of the State's attorney and counsel for the respondent, is as follows: the respondent, Lee A. Mousley, was charged in Windsor

municipal Court with the crime of operating a motor vehicle while under the influence of intoxicating liquor. He entered a plea of "not guilty". Thereafter, on April 2, 1957 the municipal judge drew a jury. The respondent was not present, having waived his right in this regard. In drawing the jury, twenty-four names were placed in a box and the municipal judge then drew out twenty of them. A venire issued on which fifteen of the twenty jurors drawn reported for duty. On May 10, 1957, the date of the trial, the respondent was represented by new counsel. Before the jury was sworn or any action had been taken at the trial, he moved in writing as follows:"Comes now the respondent through his attorney, James E. Bigelow, and challenges the array of jurors summoned since there were not twenty-four jurors drawn by the court as required by Vermont Statutes of 1947, Revised, Section 1460." This motion was overruled. The respondent excepted, and declined to participate further in the trial which proceeded "ex parte" to a verdict of "Guilty", on which judgment was entered. To this judgment, the respondent duly excepted on the ground that the jury was improperly constituted as stated in his motion, and he brings his exceptions to this Court seeking reversal on that ground.

V. S. 47, §1460 under which the jury was drawn provides as follows:

"1460. *Jury; how drawn.* When a jury is to be drawn, the court officer shall write the names of twenty-four persons selected by him from such list and from such town or towns, as the judge directs, each on a separate slip of paper, and place such slips in a suitable receptacle. Such slips shall be drawn therefrom one at a time, by the judge or clerk in open court. Unless excused by the court, disqualified or challenged by either party, a person so drawn shall be one of the jury."

Counsel for the respondent has taken the position that under the statute quoted the municipal judge should have drawn out of the receptacle all twenty-four names to have a proper jury. By drawing only twenty names and leaving four

in the box undrawn, the municipal judge, he says, has brought about a situation in which "the jury was improper; for the venire was incomplete."

■ In making this contention counsel entirely misconceives the statute. The provision contemplates that the judge should draw the names from the receptable one by one. As they are drawn each is subject to challenge and each might be excused or disqualified by the court, but if none of these things happen, a person so drawn becomes one of the jury. When twelve persons, unexcused, unchallenged and not disqualified have been so drawn, the drawing is complete and need go no further. It has been the practice to draw additional names so that they may be summoned and be on hand for the trial in order that talesmen may be readily available in the event that some of the jurors may turn out to be disqualified or challenged after examination prior to trial. See *State* v. *Mercier*, 98 Vt 368, 371, 127 A 715. Although the trial judge might in his discretion provide for this contingency as stated, he was under no duty to do so and in no event was it mandatory to draw out the entire twenty-four names. There would be no object in drawing the names one at a time if the entire twenty-four were to be drawn as a matter of course. The whole object in drawing them one by one is for the purpose of stopping at such time as the twelfth acceptable juror has been obtained.

The respondent's exception, therefore, is without merit. He stood below and here on a false premise and judgment went against him. We have considered the only exception which he has briefed and for the reasons stated no error has been made to appear.

*Judgment affirmed and the cause is remanded for sentence.*